IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OIRE OREGON C, LLC.,

        Plaintiff,                        CV-08-724-ST

      v.                                 FINDINGS AND
                                        RECOMMENDATIONS
MAZIN K. YALDO, M.D., and ALEX PUJARI,

        Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff filed this breach of contract claim on June 13, 2008, to recover damages arising from the breach of a commercial lease and guaranty. Plaintiff served defendant Mazin K. Yaldo, M.D., with summons, complaint and supporting papers by office service on June 30, 2008, and by first class mail on July 15, 2008 (docket #4). Plaintiff served defendant Alex Pujari personally on July 19, 2008 (docket #5). Although defendants were required to answer or otherwise respond to the Complaint within 20 days after service, they failed to do so. As a result, this court granted plaintiff's motion for entry of default against both defendants on August

1 - FINDINGS AND RECOMMENDATIONS

18, 2008 (docket #9).  Four days later on August 22, 2008, Dr. Yaldo filed an Answer (docket #11) and Affirmative Defenses (docket #12).

Plaintiff has now filed motions to strike Dr. Yaldo's Answer and Affirmative Defenses as untimely (docket #13) and for entry of a default judgment against both defendants (docket #15).  Both motions should be granted.

## FINDINGS

### I.    Motion to Strike

An individual may be served by following the state law for service in the state where the district court is located or where service is made.  FRCP 4(e)(1).  Plaintiff served Dr. Yaldo in accordance with Oregon law.  Under Oregon law, office service on Dr. Yaldo was complete as of the date of mailing on July 15, 2008.  ORCP 7D(2)(c).  Therefore, Dr. Yaldo's response was due 20 days later or by August 4, 2008.  Based on Dr. Yaldo's failure to timely file an appearance by that date, this court entered an order of default against him on August 18, 2008.

On August 14, 2008, prior to entry of the order of default, Dr. Yaldo, representing himself, dated and signed an Answer denying all allegations except that he is a Michigan resident and Affirmative Defenses alleging a litany of 12 defenses and reserving the right to file additional defenses.  However, those pleadings were not received by the court until August 22, 2008, when they were docketed.  By then, the order of default against Dr. Yaldo had been entered.

Entry of a defendant's default cuts off his right to appear in the action or to present evidence.  *Clifton v. Tomb*, 21 F2d 893, 897 (4th Cir 1927); *Cohen v. Murphy*, 2004 WL 2779942 (ND Cal April 20, 2004).  After entry of a default, the only procedure available to a defendant

2 - FINDINGS AND RECOMMENDATIONS

who wishes to appear and defend an action is to file a motion under FRCP 55(c) to set aside the default.  Under FRCP 55(c), the court has the power to set aside the entry of default "for good cause."

Dr. Yaldo did not file his Answer and Affirmative Defenses until August 22, 2008, over two weeks after such pleadings were due and without providing any explanation for his untimely filing.  As a result, this court has no option but to grant plaintiff's motion and strike the Answer and Affirmative Defense as untimely.  Before filing any further appearance, Dr. Yaldo must file a motion under FRCP 55(c) showing good cause why the court should set aside the default order.

## II.     Motion for Default

Because both defendants are in default, plaintiff requests pursuant to FRCP 55(b)(2) that the court enter a default judgment against them, jointly and severally, in the sum of $233,317.34 plus pre- and post-judgment interest and reasonable attorney fees to be determined after entry of judgment.  Because defendants are in default, the "well-pled allegations in the complaint regarding liability are deemed true."  *Fair Housing of Marin v. Combs*, 285 F3d 899, 906 (9th Cir 2002).

Plaintiff alleges that it is the landlord of a commercial real estate lease with a tenant and consented to an assignment to another entity, Luna Health Management, Inc.  Complaint, ¶¶ 7-29.  Pursuant to the terms of that lease and assignment, both defendants became guarantors of timely payment and performance by the tenant.  *Id*, ¶¶ 30-36.  Plaintiff has performed all acts required of it under the lease and guaranty, but the tenant breached its obligations and defaulted on the lease in multiple respects, including abandoning and vacating the premises, triggering defendants' obligations and liabilities under their guaranty.  *Id*, ¶¶ 37-50, 52-55.  Because

3 - FINDINGS AND RECOMMENDATIONS

defendants have failed to cure the tenant's breaches of lease, they are in breach of their guaranty. *Id*, ¶¶ 48-49, 55. These allegations sufficiently allege a breach of contract by defendants. In addition, plaintiff has submitted two declarations supporting these allegations.

However, defendants' default does not automatically entitle plaintiff to a judgment. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F2d 1089, 1092 (9th Cir 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F2d 1470, 1471-72 (9th Cir 1986).

In light of these factors as a whole, default judgment against defendants is appropriate. Both the large amount of money at stake and the policy favoring decisions on the merits weigh against entry of a default judgment. However, the other factors weigh in favor of granting a default judgment. Failure to grant default judgment would prejudice plaintiff in both time and expense in attempting to recover for this breach of contract. Plaintiff's claims are sufficiently alleged and supported. In addition, Dr. Yaldo has not provided any explanation for failing to timely respond to the complaint, and defendant Pujari has not provided any explanation for not responding at all. Moreover, neither defendant has provided specific facts to assess if any facts are disputed and whether either defendant has any potentially meritorious defenses. *See Franchise Holding II, LLC, v. Huntington Restaurants, Inc.*, 375 F3d 922, 926 (9th Cir 2004)

("To justify vacating the default judgment, however, [defendant] had to present the district court with specific facts that would constitute a defense. [Defendant] never did this. Instead, it offered the district court only conclusory statements that a dispute existed. A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment.") (citation omitted). Although Dr. Yaldo has attempted to interpose multiple affirmative defenses, each defense consists of a laundry list of one or two conclusory legal terms without any supporting facts. Thus, the current record does not reveal a dispute concerning material facts or that defendants' default is due to excusable neglect.

In granting default judgment, a court can award only up to the amount prayed for by a plaintiff in its complaint. FRCP 54(c). Under FRCP 8(a)(3) a demand for relief must be specific, and plaintiff must prove the amount of damages it is claiming. To prove the amount of its damages, plaintiff has submitted the Declaration of Peter Stiven avowing to the total amount due under the lease and, as a result, under the guaranty of at least $233,317.34 as detailed in Exhibit 1. This amount discounts those payments that the tenant has paid or been ordered to pay through bankruptcy proceedings and also accounts for the present worth of the remaining payments through the end of the lease on October 31, 2010, consistent with Section 14.1.10 of the lease. In addition, both the lease and guaranty allow plaintiff to recover its attorney fees, costs and disbursements.

Therefore, plaintiff is entitled to a default judgment in the amount requested of $233,317.34. However, plaintiff has not submitted any facts or argument substantiating its right to an award of pre-judgment interest. Therefore, the award at this point should exclude pre-judgment interest.

## RECOMMENDATIONS

Plaintiff's Motion to Strike Defendant Mazin K. Yaldo's Untimely Answer and Affirmative Defenses (docket #13) should be GRANTED.

Plaintiff's Motion for Default Judgment (docket #15) should be GRANTED against both defendants, jointly and severally, in the sum of $233,317.34 plus post-judgment interest and reasonable attorney fees to be determined after entry of judgment.  However, if either defendant files a motion to set aside the default order pursuant to FRCP 55(c), then entry of a default judgment should be deferred pending a ruling on that motion.

The Clerk is directed to mail a copy of these Findings and Recommendations to defendant Mazin K. Yaldo.

## SCHEDULING ORDER

Objections to these Findings and Recommendations, if any, are due October 10, 2008.  If no objections are filed, then the Findings and Recommendations will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will be referred to a district judge and go under advisement.

DATED this 25th day of September, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge