IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OIRE OREGON C, LLC.,

                        Plaintiff,                          CV-08-724-ST

        v.                                        FINDINGS AND
                                                  RECOMMENDATIONS

MAZIN K. YALDO, M.D., and ALEX PUJARI,

_____ Defendants. _____

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff filed this breach of contract claim on June 13, 2008, to recover damages arising

from the breach of a commercial lease and guaranty.  Plaintiff served the two defendants, Mazin

K. Yaldo, M.D. ("Yaldo") and Alex Pujari ("Pujari"), the following month.  After neither

defendant timely answered the complaint, plaintiff requested, and this Court granted, entry of

default against both defendants.

However, Yaldo then filed an answer and affirmative defenses.  Plaintiff moved to strike

the untimely filings and also filed for default judgment against both defendants.  The Findings

1 - FINDINGS AND RECOMMENDATIONS

and Recommendations dated September 25, 2008, recommended granting both motions and also recommended that if a motion to set aside default was subsequently filed by either defendant, that motion should be decided prior to entry of default judgment.

Yaldo filed a motion (construed by this Court as a motion to set aside default) on October 6, 2008.  The Findings and Recommendation dated October 24, 2008 recommended denying that motion, but allowing Yaldo to appear at a hearing on the issue of damages prior to entry of a default judgment.

Plaintiff then filed a motion for an evidentiary hearing on the issue of damages.  Before that hearing was held, further proceedings against Pujari were stayed as a result of a bankruptcy order.  Because proceedings against Yaldo were not stayed, the evidentiary hearing as to Yaldo was held on January 23, 2009, at which plaintiff submitted additional evidence.  On February 4, 2009, this Court entered Judgment against Yaldo in the amount of $263,229.90, plus pre-judgment and post-judgment interest, as well as reasonable attorney fees and costs to be set forth in a supplemental order.

Plaintiff has now filed a Motion for Attorney Fees (docket # 43) in the sum of $24,535.75 and a Cost Bill in the sum of $370.00 (docket # 47) against Yaldo.  Yaldo has not filed a response.  For the reasons set forth below, both motions should be granted.

///

///

///

## **FINDINGS**

### I.    **Attorney Fee Request**

Although Yaldo has filed no objection to plaintiff's motion for attorney fees, "the district court [is] required to independently review plaintiffs' fee request even absent defense objection." *Gates v. Deukmejian*, 987 F2d 1392, 1401 (9th Cir 1992); *Sealy, Inc. v. Easy Living, Inc.*, 743 F2d 1378, 1385, n 3 (9th Cir 1984). The court must determine if plaintiff's fee request is reasonable and "does not abuse its discretion simply by reducing the amount of an unsupported fee award." *N.A.A.C.P. v. City of Evergreen*, *Ala.*, 812 F2d 1332, 1334 (11th Cir 1987). Uncontradicted evidence may be rejected if there is a reason for doing so. *Id.*

Plaintiff seeks to recover fees for two attorneys at the law firm of Davis Wright Tremaine in Portland, Oregon (Robert Newell and Derek Green), and one attorney from Briggs and Morgan, P.A. in Minneapolis, Minnesota (Jason Asmus). Newell and Green spent 74 hours of work from June 2008 through January 2009, totaling $19,467.50. Asmus spent 18.55 hours on this case from May through December 2008, for a total of $5,068.25. In addition, plaintiff seeks to recover litigation costs.

### A.    Basis for Award of Fees

Under Oregon law, the party who prevails in a contractual dispute can recover attorney fees if the contract so provides. *See* ORS 20.096; 20.083; *see also Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F2d 1380, 1388-89 (9th Cir 1986), *cert denied*, 480 US 906 (1987) (state law determines the availability and amount of attorney fees to be awarded in diversity cases).

According to the judgment entered in plaintiff's favor against Yaldo,  plaintiff is the prevailing party. *See* ORS 20.077(2). In addition, the underlying Lease Agreement provides for the recovery of attorney fees to the prevailing party in any litigation to enforce any provision in the lease. And the Guaranty on the Lease, executed by defendants, obligates defendants as the

Guarantors to pay the reasonable attorney fees and costs incurred by plaintiff as the Landlord in enforcing the obligations under the Guaranty.  Accordingly, plaintiff is entitled to recover its reasonable attorney fees.

>   **B.    Relevant Factors**

Attorney fee awards under Oregon law are generally made in reference to the factors listed in ORS 20.075(1) and (2).  Although this statute applies only to cases in which an award of attorney fees is authorized or required by statute, its factors provide a relevant guide to determining the reasonableness of the fees based on a contract as here.  *See Jackson & Perkins Wholesale, Inc. v. Smith Rose Nursery, Inc.*, Civ. No. 03-3091-PA, 2007 WL 2458785 at *1 (D Or Aug. 23, 2007) (citing case law referencing factors comparable to or the same as those in ORS 20.075(2) in assessing contractual fee award).

>   **1.    Objective reasonableness and diligence during the proceedings (ORS 20.075(1)(e))**

The majority of fees incurred in this matter were as a result of:  (1) filing a request for entry of default; (2) filing a motion to strike Yaldo's untimely answer and affirmative defenses; (3) opposing Yaldo's motion to set aside default; and (4) preparing for and attending an evidentiary hearing on damages.  None of this work was unreasonable or due to lack of diligence.  In fact, of the fees requested by plaintiffs, $14,039.75 relates directly to responses necessitated by Yaldo's filings.

///

>   **2.    Time and labor expended; novelty and difficulty of issues (ORS 20.075(2)(a))**

Plaintiff does not contend that any claims or issues were novel or difficult.  However, it expended considerable time to research the claims, draft the complaint, prosecute the claims, and prepare the papers necessary to prove damages.  Where practicable, plaintiff has attempted to remove from this petition any fees for time and services spent on tasks related solely to Pujari (*e.g.*, service of process, analysis of bankruptcy stay, *etc.*).  Thus, the fees requested appear to be for tasks related to Yaldo.

**3.     Fee customarily charged for similar services, and experience, reputation and ability of the attorneys (ORS 20.075(2)(c) and (g))**

The hourly rate charged by Newell is $450.00 in 2008 and $460.00 in 2009.  This billing rate is at the higher end of the rates charged within the Portland area, but can be justified by Newell's experience, expertise, and role in this representation.  Newell Decl., ¶¶ 6, 10-11, Exs. 3 and 4.  Newell's time (4.5 hours) was limited and confined mostly to a supervisory role.

Green, an associate admitted to practice in Oregon in 2004 (Newell Decl., ¶ 7), did most of the research and drafting tasks for a total of 55.9 hours.  He charged $235.00 per hour in 2008 and $265.00 per hour in 2009.  According to the Oregon State Bar 2007 Economic Survey, his rates are substantially higher than the average ($188.00) and median ($175.00) rates for attorneys with 4-6 years of experience in Portland and closer to lawyers with 13-15 years of experience.  However, they are less than both the average ($283.00) and median ($275.00) rates in Portland for business/corporate litigation and are close to the 25th percentile ($225.00).  Therefore, this court must conclude that Green's rates, although high, are within a reasonable range.

Asmus, who has practiced law since 2002, spent the majority of his time on matters particularly within his expertise as the attorney with the most background with the complaint who consulted on strategy with the client and contributed to the pleadings.  Asmus Decl., ¶¶ 5-6. His rate of $275.00 per hour is also within the customary rate of this community.

### 4.    Amount in controversy and results (ORS 20.075.)

Plaintiff obtained a judgment against Yaldo for over $250,000, which is a favorable result.

### 5.    Conclusion

Based on the relevant factors applied under Oregon law, the amount of attorney fees requested by plaintiff, although unusually high for a obtaining a default judgment, are reasonable and should be awarded.

### B.    Litigation Expenses

In addition to recovery of the attorney fees charged on an hourly basis, plaintiff seeks to recover as attorney fees certain expenses in the sum of $1,152.09 incurred for computer assisted legal research and an asset search for defendant Yaldo.  Newell Decl., Ex. 2.  These expenses were directly related to the services provided by plaintiff's attorneys and staff, were not included as overhead within the attorneys' hourly rates, and are the direct responsibility of plaintiff.  *See Robinowitz v. Pozzi*, 127 Or App 464, 470-71, 872 P2d 993, 996-97, *review denied*, 320 Or 109, 881 P2d 141 (1994) (allowing the recovery as attorney fees of non-deposition litigation expenses, including computer aided research, that were billed to the client).  Therefore, they should be awarded as part of the attorney fees.

///

6 - FINDINGS AND RECOMMENDATIONS

**II.**    **COSTS**

Expenses which may be taxed as costs against the losing part are enumerated in 28 USC

§ 1920 as follows:

> (1)  Fees of the clerk and marshal;
> (2)  Fees of the court reporter for all or any part of the stenographic
> transcript necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and copies of papers necessarily
> obtained for use in the case;
> (5)  Docket fees under section 1923 of the title;
> (6)  Compensation of court appointed experts, compensation of
> interpreters, and salaries, fees, expenses, and costs of special
> interpretation services under section 1828 of this title.

Although a district court has broad discretionary power to allow or disallow a prevailing

party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28

USC § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 US 437, 441-42 (1987).  Courts

are, however, free to construe the meaning and scope of the items enumerated as taxable costs in

§ 1920.  *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F2d 175, 177 (9th Cir 1990) (*per curiam*),

*cert denied*, 502 US 812 (1991).

Plaintiff has submitted a Cost Bill for $370.00, consisting of $350.00 for filing fees and

$20.00 for a docket fee for the evidentiary hearing.  These costs are recoverable and should be

awarded.

///

///

///

///

7 - FINDINGS AND RECOMMENDATIONS

**RECOMMENDATIONS**

For the reasons set forth above, plaintiff's Motion for Attorney Fees (docket #43) should be GRANTED in the sum of $ 25,687.84 and its Cost Bill (docket # 47) should be GRANTED in the sum of $370.00.

**SCHEDULING ORDER**

Objections to these Findings and Recommendations, if any, are due April 16, 2009.  If no objections are filed, then the Findings and Recommendations will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will be referred to a district judge and go under advisement.

DATED this 30th day of March, 2009.

s/  Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge